UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JOSEPH TRENKLE | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number |
| | ) | |
| KUBOTA TRACTOR CORPORATION, | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

COMPLAINT

Come now Plaintiff JOSEPH TRENKLE, by and through his attorneys, Jay H. Janssen and Patrick S. O'Shaughnessy, of THE JANSSEN LAW CENTER, and for a cause of action against Defendant KUBOTA TRACTOR CORPORATION, states and alleges as follows:

THE PARTIES

1. Plaintiff JOSEPH TRENKLE is a citizen of the State of Illinois.

2. Defendant KUBOTA TRACTOR CORPORATION is incorporated in the State of California and has a principle place of business in Texas.

JURISDICTION/VENUE

3. The amount in controversy exceeds seventy-five thousand dollars (>$75,000.00), exclusive of costs and interest, and diversity jurisdiction exists pursuant to 28 U.S.C. §1332.

4. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391 in that the events and/or omissions giving rise to this claim occurred within the Central District of Illinois.

5. Assignment of this case in Peoria is proper pursuant to Local Rule 40.1 in that the events and/or omissions giving rise to this claim occurred within Tazewell County Illinois.

## COUNT ONE: STRICT PRODUCT LIABILITY

6. On April 6, 2016, Plaintiff Joseph Trenkle purchased a new Kubota tractor, designated as B2650HSD with a serial number of 58083 from Germain Bliss Equipment, Inc., in East Peoria, Illinois.

7. Defendant Kubota Tractor Corporation designed, manufactured and placed into the stream of commerce the Kubota tractor purchased by Plaintiff on April 6, 2016.

8. Defendant Kubota Tractor Corporation sells tractors through licensed dealers and distributors, including Germain Bliss Equipment in East Peoria, Illinois.

9. As of the date of September 10, 2016, the Kubota tractor purchased by plaintiff had 60 hours on the usage meter.

10. On September 10, 2016, Plaintiff was operating the tractor at a new house construction in Farmer City, Illinois.

11. On September 10, 2016, as Plaintiff stepped onto the tractor step while dismounting the tractor, the step broke free of the tractor, causing the Plaintiff to fall to the ground.

12. The step on the tractor was held in place by four spot welds which had failed when Plaintiff stepped onto it.

13. As a result of the step breaking free from the tractor, Plaintiff was injured when he fell to the ground.

14. It was the duty of the Defendant in designing, manufacturing, selling and servicing the subject machine to make it reasonably safe for its intended and foreseeable users, and to ascertain that the tractor was free from defects that would render it unsafe.

15. In violation of their duty, Defendant designed, manufactured and sold the tractor in a defective, unsafe and unreasonably dangerous condition in one or more of the following respects:

    (a) The step intended to be used by the operator to mount and dismount the tractor was not securely attached to the tractor.

    (b) It was not reasonably safe for its intended or foreseeable uses.

16. That as a direct and proximate result of one or more of the foregoing defects contained in the Kubota tractor, Plaintiff Joseph Trenkle suffered and will suffer pain.

17. That as a direct and proximate result of one or more of the foregoing defects contained in the Kubota tractor, Plaintiff Joseph Trenkle has suffered and will suffer disability.

18. That as a direct and proximate result of one or more of the foregoing defects contained in the Kubota tractor, Plaintiff Joseph Trenkle has incurred and will in the future be forced to pay various sums for hospital, medical and surgical expenses for treatment of injuries.

19. That as a direct and proximate result of one or more of the foregoing defects contained in the Kubota tractor, Plaintiff Joseph Trenkle sustained and will sustain loss of a normal life.

20. That as a direct and proximate result of one or more of the foregoing defects contained in the Kubota tractor, Plaintiff Joseph Trenkle was and will be hindered and prevented from attending to usual business and affairs, and lost sums of money which he otherwise would have acquired and earned.

WHEREFORE, Plaintiff JOSEPH TRENKLE prays judgment against Defendant KUBOTA TRACTOR CORPORATION for a sum in excess of the jurisdictional requirements of

this court, costs of this suit, and any further relief that this honorable Court finds fair and just

AND DEMANDS THAT THE ISSUES HEREIN CONTAINED BE TRIED BY A JURY.

## COUNT TWO: NEGLIGENCE

21.-28.	Plaintiff restates and realleges as Paragraphs Twenty-One through Twenty-Eight of this Complaint, Paragraphs Six through Thirteen of this Complaint.

29.	It was the duty of Defendant in designing, manufacturing, selling and servicing the subject tractor to use due care in order to avoid foreseeable harm to intended users including Plaintiff.

30.	In violation of their duty, Defendant permitted the subject tractor to enter the stream of commerce even though it was negligently designed, manufactured, sold and/or serviced in one or more of the following respects:

(a)	The step intended to be used by the operator to mount and dismount the tractor was not securely attached to the tractor.

(b)	It was not reasonably safe for its intended or foreseeable uses.

31.	That as a direct and proximate result of one or more of the foregoing defects contained in the Kubota tractor, Plaintiff Joseph Trenkle suffered and will suffer pain.

32.	That as a direct and proximate result of one or more of the foregoing defects contained in the Kubota tractor, Plaintiff Joseph Trenkle has suffered and will suffer disability.

33.	That as a direct and proximate result of one or more of the foregoing defects contained in the Kubota tractor, Plaintiff Joseph Trenkle has incurred and will in the future be forced to pay various sums for hospital, medical and surgical expenses for treatment of injuries.

34. That as a direct and proximate result of one or more of the foregoing defects contained in the Kubota tractor, Plaintiff Joseph Trenkle sustained and will sustain loss of a normal life.

35. That as a direct and proximate result of one or more of the foregoing defects contained in the Kubota tractor, Plaintiff Joseph Trenkle was and will be hindered and prevented from attending to usual business and affairs, and lost sums of money which he otherwise would have acquired and earned.

WHEREFORE, Plaintiff JOSEPH TRENKLE prays judgment against Defendant KUBOTA TRACTOR CORPORATION for a sum in excess of the jurisdictional requirements of this court, costs of this suit, and any further relief that this honorable Court finds fair and just AND DEMANDS THAT THE ISSUES HEREIN CONTAINED BE TRIED BY A JURY.

Joseph Trenkle, Plaintiff,

By: _____s/ Jay H. Janssen_____.
One of his attorneys.

Jay H. Janssen, Bar No. 1325957 (Lead Counsel)
janssenj@jjlaw.com
Patrick S. O'Shaughnessy, Bar No. 6237800
oshaughnp@jjlaw.com
The Janssen Law Center
333 Main Street
Peoria, Illinois 61602
(309) 676-2341 (phone)
(309) 676-7678 (fax)