**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JOSEPH TRENKLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-1207-JES-JEH |
| | ) | [Consolidated with 18-cv-1327] |
| KUBOTA CORPORATION, KUBOTA | ) | |
| MANUFACTURING OF AMERICA | ) | |
| CORPORATION, and KUBOTA | ) | |
| INDUSTRIAL EQUIPMENT | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION

This matter is now before the Court on Plaintiff's Motion (Doc. 60) for Post-Judgment

Relief and Defendant's[1] Response (Doc. 60). For the reasons set forth below, Plaintiff's Motion

(Doc. 60) is denied.

### BACKGROUND

Plaintiff Joseph Trenkle injured himself while dismounting from his Kubota Model

B2650HSD tractor ("the Tractor"). Defendant manufactures and distributes the Tractor. Plaintiff

was using the Tractor at his home on September 10, 2016 until about 4:30 or 5:00 pm. When he

attempted to dismount the Tractor to open his garage door on his way to put the Tractor away for

the day, the step on the Tractor, which is 12 inches from the ground, broke and Plaintiff's left

foot struck the ground, his body rolled to his left, and he landed on the ground on his left arm and

shoulder. His right foot was caught in the Tractor step, twisting his knee. Plaintiff stood up,

remounted the Tractor using a step stool, and put it away inside his shed.

---

[1]The Court refers to the multiple Defendants in this case simply as "Defendant" or "Kubota."

Plaintiff filed two lawsuits against Defendant for strict liability and negligence. Defendant conceded via a stipulation of the parties that a manufacturing defect caused the detachment of the right step when Plaintiff stepped on it. Proximate cause and damages, however, remained in dispute. On that issue, Plaintiff alleged the September 10, 2016 fall from the Tractor step caused him to undergo meniscus repair surgery on his right knee, a total right knee replacement, a left knee meniscus repair surgery, and a total left knee replacement. Following the Court's denial of partial summary judgment (Doc. 41), the matter proceeded to trial on the issues of proximate cause and damages. At trial, Plaintiff prevailed, but the jury awarded him $55,000 in damages, well below the $5-10 million his counsel asked for from the jury. Doc. 56.

Following the trial, Plaintiff filed the instant Motion for Post Judgment Relief Pursuant to Federal Rules of Civil Procedure 50, 59(a), and 59(e). Doc. 60. Therein, Plaintiff argues a new trial is warranted for a host of reasons. First, counsel argues the cross-examination of Plaintiff exceeded the allowable scope and violated the motion in limine ruling on comparative fault. Doc. 60 at 2. Second, Plaintiff argues the publication of medical records to the jury by having an attorney read the records was improper. *Id*. at 7. Third, Plaintiff asserts Defendant's expert witness was provided with the deposition of Plaintiff's medical witness contrary to the order on the motion excluding witnesses from the courtroom. *Id*. at 10. Defendant responded to Plaintiff's Motion, arguing (1) Plaintiff waived his rights to the relief he requests by failing to object at trial, and (2) on the merits, the conduct of Kubota and its counsel was proper. Doc. 62 at 1. Defendant is correct on both grounds, so Plaintiff's Motion is denied.

2

**Waiver**

First, Plaintiff argues the cross-examination of Plaintiff exceeded the allowable scope and violated the motion in limine ruling on comparative fault. Doc. 60 at 2. This argument is based on the viewing of the Tractor and Defendant's counsel's demonstration of climbing down the ladder while cross-examining Plaintiff. Prior to trial Plaintiff moved in limine to bar any reference or argument to comparative fault or negligence on the part of the Plaintiff. During the viewing of the Tractor, Defendant's counsel asked Plaintiff "Why did you let go [of the Tractor]"? Plaintiff asserts this question and counsel's follow-up question about the "three-point stance" violated the Court's in limine ruling and left in the jury's mind that Plaintiff could have avoided his injury if he held onto the grab bar rather than release his grip and twist and fall to the ground causing the injury to both knees. Doc. 60 at 5.

Defendant responds by noting the relevant legal standards for requests for a new trial and for judgment as a matter of law. Doc. 62 at 2-3. Regardless of the federal rule Plaintiff seeks relief under, Defendant argues Plaintiff's counsel's failure to object to the questions posed to Plaintiff by Defendant's counsel at the time of the Tractor viewing amounts to waiver. Further, by failing to file a pre-verdict Rule 50(a) motion, Plaintiff is estopped from seeking judgment as a matter of law following the jury's verdict. *Id*. at 3 (citing *Cole v. Meeks*, No. 15-1292-MMM, 2019 WL 4677000, at *2 (C.D. Ill. Sept. 25, 2019)).

"Rule 59(e) allows the movant to bring the district court's attention a manifest error of law or fact, or newly discovered evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). "It does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance

3

arguments that could and should have been presented to the district court prior to the judgment."

*Id*.

Similarly, Rule 50 of the Federal Rules of Civil Procedure allows a district court to enter judgment against a party who has been fully heard on an issue during a jury trial if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). "[A] Rule 50(a) motion for judgment as a matter of law must be made at the close of the evidence in order to bring a posttrial Rule 50(b) motion for judgment as a matter of law." *Petit v. City of Chicago*, 239 F. Supp. 2d 761, 767 (N.D. Ill. 2002) (citing *Laborers' Pension Fund v. A & C Envtl., Inc.*, 301 F.3d 768, 775-76 (7th Cir. 2002)). "The purpose of requiring that the motion be made after the submission of all the evidence, but before the case is given to the jury, is to afford the opposing party an opportunity to cure any defect in its case before the jury retires." *Laborers' Pension Fund*, 301 F.3d at 775. A Rule 50(b) motion "can be granted only on grounds advanced in the preverdict motion." Fed. R. Civ. P. 50 advisory comm. note (2006 amend.); *Passananti v. Cook Cty.*, 689 F.3d 655, 660 (7th Cir. 2012); *Cole v. Meeks*, No. 15-1292-MMM, 2019 WL 4677000, at *2 (C.D. Ill. Sept. 25, 2019).

Regardless of whether Plaintiff's request is brought under Rule 59 or Rule 50, Plaintiff's request for judgment in his favor or for a new trial is denied because Plaintiff could have, but failed, to object to Defendant's counsel's line of questioning when it occurred at trial. Further, to the extent the questioning went beyond the parameters of the Court's in limine ruling, the error was harmless. The jury was repeatedly informed that liability was not at issue in the case. *See e.g.,* Doc. 62-1 at 3 (Defendant's counsel stating Defendant had admitted liability). Further, by Plaintiff's own admission his decision not to object was strategic. Doc. 62-1 at 9 ("Now you have heard Defense attorneys object from time to time. You haven't heard Patrick and I object.

You know why? Let them say whatever they want to say."). Under these circumstances Plaintiff's failure to object amounts to waiver.

Plaintiff also argues the publication of medical records to the jury by having an attorney read the records was improper. Doc. 60 at 7. Although Plaintiff acknowledges the records were admissible, he insists the publication to the jury without the use of a witness was improper. Doc. 60 at 9. Plaintiff argues he did not object because he was caught off guard and was under the impression the Court had approved the methodology in chambers. *Id*. The Court need not address the merits of Plaintiff's argument because he failed to object at the time the records were published, and thus has waived any challenge to their publication. Further, Plaintiff fails to explain with any specificity how the publication of the records prejudiced him. Moreover, as noted above, Defendant's stated reason for not objecting at trial was strategic. Doc. 62-1 at 9. Under these circumstances Plaintiff's failure to object amounts to waiver.

Next, Plaintiff asserts Defendant's expert witness was provided with the deposition of Plaintiff's medical witness contrary to the order on the motion excluding witnesses from the courtroom. Doc. 60 at 10. The problem with this argument is that the Court only ordered witnesses be excluded from the courtroom, it did not prohibit Defendant's expert from relying on the materials properly disclosed in Plaintiff's Rule 26(a)(2) disclosure. Further, Plaintiff made the strategic decision not to object at trial. Under these circumstances Plaintiff's failure to object amounts to waiver, and even if Plaintiff had preserved this objection it fails on the merits.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion (Doc. 60) for Post-Judgment Relief is denied.

Signed on this 25th day of January, 2022.

s/ James E. Shadid
James E. Shadid
United States District Judge